# SUPREME COURT

OF

# The State of Missouri

AT THE

## APRIL TERM, 1883.

THE BOARD OF PRESIDENT AND DIRECTORS OF THE ST. LOUIS PUBLIC SCHOOLS v. WOODS et al., *Appellants*

**School Board**: ITS POWER TO TAKE SECURITY. The board of public schools of the city of St. Louis may lawfully take from a builder contracting for the erection of a school house for the board, a bond for the security of those who may do labor or furnish materials upon the building, and in case of failure of the contractor to pay for any labor done or material furnished upon the building, may enforce the same by action.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*H. M. Wilcox and McComas, McKeighan & Jones* for appellants.

The bond is void in so far as it attempts to authorize the plaintiff to bring this suit, because, by the terms of the act of 1833, plaintiff could only contract for the building of the school house and payment therefor. It was not in privity with sub-contractors or laborers; their payment or non-payment did not nor could not affect the plaintiff. A corporation cannot act as a trustee in a matter in which it has no authority, or in a matter that is inconsistent with or repugnant or foreign to the purposes for which it is incorporated. 1 Perry on Trusts, § 43; 2 Dillon on Munic. Corp., (3 Ed.) p. 568, § 573 (443); *Matter of Howe,* 1 Paige 214; *Jackson v. Hartwell,* 8 John. 422. It is against public policy to allow a school board to become trustees of express trusts, and to subject themselves to costs and expenses for strangers. *Bissell v. R. R. Co.,* 22 N. Y. 258.

*A. M. Sullivan, Jacob Klein, Seneca N. Taylor* and *R. E. Rombauer* for respondent.

The contract between Woods & Barnes and plaintiff for the erection of a school house, is germane to plaintiff's corporate objects and purposes, and, therefore, within its corporate powers. 1 Dillon Munic. Corp., §§ 371, 372. The demanding and taking security for the faithful performance of the contract by Woods & Barnes, extending in its benefits to the sub-contractors who were to furnish materials or do work upon the building or both, is incidental to the power to make the contract itself. The plaintiff has been constituted, by the defendants, trustee of an express trust in favor of the sub-contractors. The plaintiff had a right to assume this trust. *Chambers v. St. Louis,* 29 Mo. 577; Hill on Trustees, (4 Am. Ed.) 48; *Chapin v. School District,* 35 N. H. 445; Ang. & Ames on Corp., (10 Ed.) §§

167, 168; 1 Perry on Trusts, § 43; *Vidal v. Girard,* 2 How. 188, 190.

MARTIN, C.—This action was commenced on the 12th of September 1877, upon a bond given by defendants to the plaintiff in November, 1872. On the 12th of November, 1872, Stephenson Woods and John W. Barnes, under the name and style of Woods & Barnes, entered into a contract with plaintiff to erect and finish a school house in the southeastern part of St. Louis, for the sum of $6,977. At the time of entering into this contract said Woods & Barnes, as principals, and Jephtha H. Simpson and Thomas R. Pullis, as securities, the defendants in this case, executed and delivered to the plaintiff their bond in the penal sum of $8,000. The conditions and covenants of the bond are set out in full in the petition, and are as follows:

" The condition of the foregoing obligation is such, that, whereas, Woods & Barnes have entered into the preceding building contract with the said Board of President and Directors of the St. Louis Public Schools. Now, if they, the said Woods & Barnes, shall well and faithfully perform and fulfill all and every one of the terms, conditions and covenants therein contained, and if they will well and truly pay or cause to be paid, all just claims of sub-contractors or others for work done or materials furnished on said building, whether such claims are made against the Board of President and Directors of the St. Louis Public Schools, or against said Woods & Barnes, then this obligation shall be void, otherwise to remain in full force. ∘ * * * * * * * *
And it is covenanted and agreed by and between the parties hereto, that in case of the failure of the said Woods & Barnes to pay or satisfy any just claim against them, for or on account of work done on said building, the said Board of President and Directors of the St. Louis Public Schools, may, if it chooses to do so, either institute suits on this bond to the use of the claimants, or the said board

may transfer or assign this bond to one or more of such claimants, each of whom may and shall by such assignment acquire a separate right of action against the said principals and securities for the recovery of such damages arising to them respectively from the non-payment of their just claims, and such actions shall be maintainable until the just claims are paid, or until the penal sum herein provided has been exhausted by recoveries in such actions."

The petition then goes on to set out the breaches of the bond, and says that said Woods & Barnes have failed to perform and fulfill the terms, conditions and covenants of the building contract; that they failed and neglected to pay all just claims of all sub-contractors and others for work done and materials furnished on said building. The names of these sub-contractors and material men or laborers are specified in the petition along with the sums due to each, amounting in the aggregate to $2,304.97. It is alleged that all said sums are just claims in favor of the said several parties as sub-contractors for work done or materials furnished or both, on and for the building contracted for, and that they remain unpaid. It is also alleged that the plaintiff has not made any assignment of its right of action, but brings and prosecutes this suit for the benefit of all the claimants mentioned. The building contract referred to in the petition was filed as a part of it and is set out in the record.

The defendants demurred to the petition, and rest their argument in support of it upon the ground that the plaintiff has no power to sue upon such a bond, that no such power is given in the act which constituted the board a municipal corporation, and that the object and purpose of the bond are matters in which the board has no interest whatever. The circuit court sustained the demurrer, and judgment was rendered in favor of the defendants. On writ of error to the St. Louis court of appeals that judgment was reversed and the cause remanded for further proceedings.

The defendants have brought the case here on appeal, and ask that the judgment of the court of appeals be reversed and the judgment of the circuit court be affirmed.

I am unable to adopt the conclusion reached by the learned counsel for the appellant, to the effect that the bond now sued on was beyond the powers of the board to accept, or that it "is repugnant or inconsistent with the objects of its creation." By the act of incorporation, the board is vested with "the charge and control of the public schools and all the property appropriated to the use of public schools within said city." It is also empowered "to do all lawful acts which may be proper or convenient to carry into effect the object of the corporation." Laws Applicable to St. Louis County 1872, p. 521, §§ 1, 4.

The board of public schools certainly has the power to build school houses. It has the right to make contracts with contractors for the erection of school buildings. And as germane to these powers, I think it has the right like any other proprietor, to exact conditions from its contractors, which shall tend to secure and pay off the material men and laborers, who unquestionably contribute most to the erection of such buildings. Viewed from the narrow standpoint of private economy, this must be the cheapest way to erect such costly and commodious structures. Otherwise as the statutes furnish no security to material men or laborers in the mechanics' lien law, as against the board, on account of its being a municipal corporation, they will be compelled to add something to the materials and labor going into the school buildings, on the well known principle which prevails throughout the business world, that high prices and high interest always attend bad security. In a wider sense, I think, the bond is germane to the corporate objects of the school board. I think the law is not inclined to deny the board, even if it is a municipal corporation, the satisfaction and ease of conscience which the private citizen is naturally supposed to experience, when he reflects that the structure he dwells in has been entirely

paid for, from the mason who laid the foundation to the artist who frescoed the ceilings. By a little caution and prudence on the part of proprietors erecting buildings, this pleasing result can always be secured, and I think the school board has the same right to attain it in the conduct of its business that any one else has. I must decline to hold that the school board in the conduct of its business transactions ought to be controlled by such a phlegmatic sense of justice toward its builders, as the learned counsel for the appellants think so appropriate to it as a public corporation. The object and purpose of the bond being entirely within the powers of the board, and the board being constituted the trustee of an express trust in the bond, the right to sue on it ought not to be questioned.

The judgment of the court of appeals reversing the judgment of the circuit court and remanding the case for further proceedings, is affirmed. All concur.