SCHOOL DISTRICT OF KANSAS CITY ex rel. KOKEN IRON WORKS v. LIVERS et al., Appellants.

Division Two, February 7, 1899.

1. **Contract: THIRD PERSON: PRIVY.**  A contract made upon a valid consideration, may be enforced by a third person not named therein, if the obligee owes to such third person some duty, legal or equitable, which would give him a just claim.   (Following City of St. Louis to use v. Von Phul, 133 Mo. 561 and Devers v. Howard, 144 Mo. 671.)

2. ———: ———: ———: **ABROGATED BY OBLIGEE.**  And when the rights of such third party under such contract become fixed, they can not be destroyed or taken away by any act of the obligee.

School District ex rel. v. Livers.

3. ———: ———: ———: ———: CASE STATED.  A school district contracted for the erection of a building, and the defendants were sureties on the contractor's bond, conditioned that the bond was executed not only for the protection of the school district, but also for the benfit of all parties who might furnish materials used in the building, and that any such party, having unpaid bills for materials so furnished, might, in the name of the district, maintain an action upon the bond to recover the amount of such bills. *Held,* that relator could maintain a suit on the bond for materials furnished by it for such building. *Held,* also, that the sureties could not defend on the ground that the school district, without their consent or knowledge, and in violation of the contract, overpaid the contractors during the progress of the work. The relator having furnished the materials before the overpayment was made, its right of action had then accrued.

*Transferred from Kansas City Court of Appeals.*

REVERSED AND JUDGMENT OF CIRCUIT COURT AFFIRMED.

KARNES, HOLMES & KRAUTHOFF for appellants.

(1)   If the contractors were at any time paid by the school district in excess of the eighty per cent as provided by the contract, the sureties on the bond were released.   Evans v. Graden, 125 Mo. 77; Taylor v. Jeter, 23 Mo. 250; 2 Brandt Suretyship and Guaranty, sec. 397; Burley v. Hitt, 54 Mo. App. 275.   (2)   One who sues on a contract made for his benefit can have no greater rights than the person to whom the promise was made.   Bank v. Klock, 58 Mo. App. 335; Coleman v. Hiler, 33 N. Y. Sup. 358; Townsend v. Rockham, 38 N. E. Rep. 733; Ins. Co. v. Trenton Water Co., 42 Mo. App. 123; Howsman v. Trenton Water Co., 119 Mo. 315; Vroorman v. Turner, 69 N. Y. 282; Kansas City Sewer Pipe Co. v. Thompson, 120 Mo. 224; French v. Vix, 37 N. E. Rep. 612; Jefferson v. Asch, 53 Minn. 452; Carrier v. United Paper Co., 26 N. Y. Sup. 415; Ellis v. Harrison, 104 Mo. 278; Saunders v. McClintock, 46 Mo. App. 227.   (3) Under these authorities it is clear that unless the school district has a cause

of action against the bondsmen, the relator can not recover. Bank v. Cramer, 54 Mo. App. 587.

ELLIS, REED, COOK & ELLIS for respondent.

(1) The bond sued on is valid; it is not *ultra vires,* but germane to the fundamental powers of the school district; the consideration is good and sufficient. Board, etc., St. Louis Public Schools v. Woods, 77 Mo. 196; St. Louis ex rel. v. Von Phul, 133 Mo. 561; Devers v. Howard, 144 Mo. 671; Luthy v. Woods, 6 Mo. App. 70; Lyman v. City of Lincoln, 38 Neb. 794; Doll v. Crume, 41 Neb. 655. (2) Relator's rights are not derivative, but primary. The bond is many sided; runs, as a distinct and original obligation, directly in favor of relator on the one side, and Livers & Pullman with their sureties on the other. The rights of Koken Iron Works are entirely independent of the school district and when once fixed, could be destroyed only by some act of Koken Iron Works itself. Doll v. Crume, 41 Neb. 655; Lyman v. City, 38 Neb. 794; Conn v. State, 125 Ind. 513; Dewey v. State, 91 Ind. 173; Henricus v. Englert, 137 N. Y. 488. (3) The school district, as trustee, even by an act in abuse of its trust, could not destroy a beneficiary's right, except the injurious act be chargeable to the latter. Hull v. Pace, 61 Mo. 117; Grove v. Robards, 36 Mo. 523; Murrell v. Scott, 51 Tex. 520; Ward v. Newell, 37 Tex. 261; Smith v. Kinney, 33 Tex. 283.

BURGESS, J.—Upon the trial of this cause in the circuit court there was judgment for plaintiffs, from which defendant sureties appealed to the Kansas City Court of Appeals, where the judgment of the circuit court was reversed.

Plaintiffs then filed motion for rehearing which was overruled, and the cause certified to this court because one of the judges of that court was of the opinion that the decision rendered is in conflict with Board of President and Directors of the St. Louis Public Schools v. Woods et al., 77 Mo. 197.

The facts are as follows:

Defendants Livers and Pullman having acquired the contract at the price of $72,500 for erecting an addition to the Central High School in Kansas City, Missouri, were required to give and did execute bond in the sum of $54,000, conditioned that the bond was executed not only for the protection of the school district, but also for the benefit of all parties who might furnish materials used in the building, and that any such party, having unpaid bills therefor, might, in the name of the school district, maintain an action upon the bond to recover the amount of such bills.

Schmidt & Wible and David Pullman were securities on the bond.   Pullman has since deceased and Anna A. Pullman, administratrix, represents his estate.

The decision rendered by the court of appeals is not only in conflict with The Board of President and Directors of the St. Louis Public Schools v. Woods et al., 77 Mo. 197, but is in conflict with the more recent decisions of this court in City of St. Louis to use of Glencoe Lime and Cement Co. v. Von Phul et al., 133 Mo. 561, and Devers v. Howard, 144 Mo. 671, in which it is held that a contract between persons made upon a valid consideration may. be enforced by a third person, though not named in the contract, when the obligee owes to him some duty, legal or equitable, which would give him a just claim, and must therefore be overruled.

It is contended by defendants that the evidence showed that the school district paid Livers and Pullman, the contractors, in excess of eighty per cent of the amount due them on their contract, which was in violation of its terms, and as such payment was without the knowledge or consent of the securities, that the defendants, Anna Pullman, administratrix, and Schmidt and Wible, were thereby released. Defendants asked a declaration of law presenting this theory of the case which was refused, and as there was evidence tending to show such payment, we take it for granted that it was refused upon the ground, that, even if true, it did not have the effect to release

defendants upon the bond, for causes of action, if there were such, which had accrued upon the bond before that time.

Plaintiff's rights are original and independent of the school district, the board being constituted under the bond the trustee of an express trust. [Board v. Woods, *supra.*] The bond is dual in its nature, being for the benefit and protection of the school district against loss or damage for the non-fulfillment of their contract by the contractors, and the payment by them of laborers for work done, and of materialmen for material furnished, rights which when once fixed could not be destroyed or taken away by any act of the school district.

In Doll v. Crume, 41 Neb. 655, a city let a contract for grading its streets to one Davis which McGavock and Doll signed as his securities. The contract provided among other things that Davis should be paid forty-five per cent of the cost of the work when two-thirds of it was completed; that he would pay for all labor and material furnished him in executing the contract, and complete the work in one hundred and eighty days. The contract recited that "said parties of the third part (McGavock and Doll), hereby guaranty that said party of the second part (Davis) will well and truly perform the covenant hereinbefore contained to pay all laborers employed on said work; and if said laborers are not paid in full by said party of the second part, that said party of the third part hereby agrees to pay for said labor, or any part thereof, which shall not be paid by said second party within ten days after the money for said labor becomes due and payable." On completion of two-thirds of the work the city paid Davis ninety per cent of the estimated cost thereof. It also granted Davis an extension of time for the completion of his contract beyond the time fixed thereby. It was held: "(1) That the contract between the city and Davis and his sureties and the promises and liabilities of the latter thereon, were of a dual nature,—a promise to the city that Davis should perform the work in the time

and manner he had agreed, and a promise, in effect, to Crume to pay him for the labor he should perform for Davis; (2) that the city's overpaying Davis and extending the time of performance of his contract did not release the sureties from the contract to pay Davis' laborers; (3) that if the city had precluded itself from calling on the sureties to make good to it any default of Davis, its acts did not estop the laborers of Davis from enforcing against the sureties their contracts and promises."

Paraphrasing what is said in that case, the case stands just as if Livers and Pullman and their sureties had made the written promise directly to the Koken Iron Works instead of to the school district. Then how can it be said that any act of the school district in overpaying Livers and Pullman can release them or their sureties from their contract with the Koken Iron Works. It may be that the school district by its actions, has precluded itself from recovering from the sureties of the contractors for any default of theirs in the premises, but it by no means follows that the school district's action estops the Koken Iron Works. In other words, there were two contracts with one consideration to support both. To the same effect is Lyman v. Lincoln, 38 Neb. 794.

Henricus v. Englert, 137 N. Y. 488, was an action upon a bond executed by defendant as surety for one Leonard Vogel. Plaintiff's were the original contractors. Thereafter they sub-let the carpenter's work upon the building to Vogel, who thereupon executed to them a bond in the penal sum of $5,000, conditioned that Vogel, "shall perform all the obligations and agreements made and entered into with the said Henricus & Son, agents, and shall erect, work, make and complete a certain town hall and fire department building for the village of Bockport, New York, agreeable to the plans, and in perfect keeping with the revised carpenter's specifications prepared for the same by H. B. Gleason, architect." After the completion of the building the village claimed that it had not been erected according to contract, and claimed damages on

account of defects in the work which were thereafter adjusted with Vogel at the sum of $550, which amount was deducted from the contract price payable to plaintiffs. Thereafter plaintiffs began suit on the bond, alleging breaches thereof and claiming damages in the sum of $5,000 the penalty of the bond. The defense was that at the time of the execution of the bond there was an arrangement between plaintiffs and Vogel by which he, Vogel, was to become the original contractor for the work done by him and that thereupon his bond was assigned and delivered to the village as security for the work by him, and that after the work was completed all matters of difference between the plaintiffs and Vogel, and between Vogel and the village, or in any way growing out of his contract, or connected therewith were adjusted and settled. It appeared that some changes and alterations were made in the plans between the architect, Vogel, and the village, without the consent of plaintiffs. It was held that the changes did not release defendant from, or affect his liability upon, the bond.

At the time of the payment of the eighty per cent the Koken Iron Works had already complied with its contract, and its right of action accrued, which the school district could by no act of its board take away, or deprive it of.

We therefore reverse the judgment of the Kansas City Court of Appeals, with directions to affirm the judgment of the circuit court.

GANTT, P. J., and SHERWOOD, J., concur.