SCHOOL DISTRICT OF FREDERICKTOWN ex rel. FREDERICKTOWN BRICK COMPANY, Respondent, v. J. F. BEGGS et al., Appellants.

St. Louis Court of Appeals.   Submitted on Briefs February 7, 1910. Opinion Filed February 21, 1910.

1. **TRIAL PRACTICE: Saving Exceptions.**   Exceptions cannot be saved by record entries.

2. **APPELLATE PRACTICE: Rules: Abstract: Too Frequent Interlineations.**   Under Rule 15 of the St. Louis Court of Appeals, which calls for a printed abstract in fair type, while occasional interlineations and corrections by pen or pencil will not be cause for disregarding the abstract, an abstract, consisting of forty pages, with pen and ink interlineations of matters, which should appear therein, on sixteen of them, and sometimes two or more on a page, is such a radical departure from the requirements of the rule as cannot be tolerated.

3. **PRINCIPAL AND SURETY: Schools: Bonds for Construction of Schoolhouse: Action by Materialmen: Bond Construed.** A bond given for the construction of a schoolhouse under a contract, which bond provides it "is made for the use and benefit of all persons who may become entitled to liens under said contract, or to whom said contractor might become indebted, and that it might be sued upon by such persons as if executed to them in proper person," while not in the language of section 6761, Revised Statutes 1899, which provides that a schoolhouse contractor shall execute a bond conditioned for the payment of all material used in, and all labor performed on, such work, whether by subcontract or otherwise, nevertheless covers the idea of said section; and an action would lie on said bond by a materialman, who furnished material which was used in the construction of the school building.

4. ———: ———: ———: ———: ———: **Term "Mechanic's Liens" not Literally Construed.**   The expression in such a bond "that those who are entitled to a mechanic's lien are within it" is to be construed as if it read, "Those who but for the provisions of the law exempting public buildings from mechanics' liens are entitled to enforce a lien."

5. ———: ———: ———: ———: ———: **Common Law Bond.** Discarding the statute, such a bond is a good common law bond, and very clearly sets out those who are to be within its protection.

147 App—12

6. CONTRACTS: For Benefit of Third Parties: May be Enforced. A contract for the benefit of a third party may be enforced by him, even if he is not named in it, provided it appears he was in the minds of the contracting parties as being within its protection.

Appeal from Madison Circuit Court.—*Hon. Chas. A. Killian,* Judge.

AFFIRMED.

*Tesreau & Chitwood* for appellants.

(1) The law is well settled, that any change of the contract without the consent of the surety, destroys the identity of the contract and the surety is thereby discharged. School District v. Green, 134 Mo. App. 421; Reissaus v. Whites, 128 Mo. App. 135; Burnes Estate v. Fidelity & Deposit Co., 96 Mo. App. 467; Beers v. Wolf, 116 Mo. 179. The liability of a surety is not to be extended beyond the conditions contained in the contract. The contract is the guide, and it must be followed, as to the making of changes and alerations. Evans v. Graden, 125 Mo. 72. The surety is the favorite of the law, and parties dealing with the principal, must live up to and abide with the strict terms of contract. The surety is liable only according to the strict letter of the contract. Brookshier v. McIlwrath, 112 Mo. App. 687; Nofsinger v. Hartnett, 84 Mo. 549. (2) There was no lien on the school building, and the plaintiff could not enforce any lien for material furnished. Abercrombie v. Ely, 60 Mo. 23; State ex rel. v. Loomis, 88 Mo. App. 500. Plaintiff cannot recover of the defendants (sureties) on said bond; because said bond was limited for the use and benefit of persons who would become entitled to liens. State ex rel. v. Loomis, 88 Mo. App. 500; St. Louis v. Constructing Co., 202 Mo. 451; Lumber Co. v. Banks, 117 S. W. 611; School District v. Green, 134 Mo. App. 421; Reissaus v. Whites, 128 Mo. App. 135; School District v. Boyle, 182 Mo. 347; School District v. Burris, 84 Mo. App. 662.

*Robert A. Anthony* for respondent.

(1)   Although relator ·is not mentioned in the bond given by appellants, yet under the condition. thereof that Beggs, the principal, "shall   duly and promptly pay and discharge all indebtedness that may be incurred by said J. F. Beggs in carrying out said contract," this action may be maintained.   Forge Co. v. Mfg. Co., 105 Mo. App. 484; Lime & Cement Co. v. Wind, 86 Mo. App. 163; School District ex rel. v. Livers, 147 Mo. 580; St. Louis v. Von Phul, 133 Mo. 569; Devers v. Howard, 144 Mo. 671.   (2)   This action was properly brought by the school district at the relation of the respondent to which the contractor, Beggs, became indebted "in carrying out said contract."   School District ex rel. v. Livers, 147 Mo. 580; R. S. 1899. secs. 6761, 6762.   (3)   One of the purposes of sections 6761 and 6762, Revised Statutes 1899, is to give a right of action on the bond of a contractor to every person who would have the right, but for the intervention of public policy, to file and enforce a mechanic's lien.   Press Brick Co. v. School District, 79 Mo. App. 665; R. S. 1899, secs. 6761, 6762.   (4)   Beggs' bond may be said to be official and voluntary, and is binding on the sureties although the exact language of the statute may not be used.   A rigid compliance with the statute is not required.   State ex rel. v. O'Gorman, 75 Mo. 370; Henry County v. Salmon, 201 Mo. 136.   (5)   Even if Beggs' bond should not be treated as a statutory bond, then it would still be good as a common law bond and can be enforced against the sureties, especially where the terms of the bond, as in this case, are not limited or restricted by the statute.   Hardware Co. v. Greve, 18 Mo. App. 6.   (6)   On the question of statutory con- tractors' bonds, which do not completely  comply with statutory requirements, the following foreign cases hold them still good as common law bonds.   Kiesig v. Allspaugh, 91 Cal. 234; Kiesig v. Allspaugh, 99 Cal. 452;

Blyth v. Robinson, 104 Cal. 239; Robling v. Pike County, 141 Ind. 522; Wadsworth v. School District, 7 Wash. 485. (9) Where as in the case at bar the bond and contract were of the same date, each referring to the other, there was sufficient consideration for the bond. Oberbeck v. Mayer, 59 Mo. App. 295.

STATEMENT.—This is an action on a contractor's bond, to recover a debt for materials furnished to one J. F. Beggs, contractor, which were used in the construction of a public high school building at Fredericktown, Missouri. It is set out in the petition in the case that Beggs, before beginning the construction of the high school building and as part of his agreement with the school board, made his bond, the other defendants being his sureties, to the school district, whereby they bound themselves in the amount of the penalty of the bond to the school district, "as well as all persons who might become entitled to liens under the provisions of the foregoing described contract, or to whom the said J. F. Beggs might become indebted for labor performed on said building, or material furnished and which entered into its construction," the condition of the bond being that if said J. F. Beggs in all things stand to and abide by and well and truly keep and perform the covenants, etc., of the contract, "and should duly and promptly pay and discharge all indebtedness that might be incurred by the said Beggs in carrying out said contract, and complete the said building free of all mechanical liens, and should truly keep and perform the covenants, conditions and agreements in said contract contained on his part to be kept and performed at the time and in the manner and form therein specified," then the bond to be void; it being further provided in the bond that in case an action is brought under its provisions, to pay "all costs of such action, including attorneys' fees, which might be incurred in enforcing the payment and collection of any and all

indebtedness incurred by said Beggs in carrying out said contract," it being also provided and set out in the bond that "it is made for the use and benefit of all persons who may become entitled to liens under said contract, or to whom said Beggs might become indebted, and that it might be sued upon by such persons as if executed to them in proper person."

The petition then avers that after execution of the contract and bond, Beggs, as contractor, erected and completed the building and the school district paid him for it and accepted the building; that plaintiff, at request of Beggs, had furnished pressed brick to Beggs which were used by him in the construction of the building, of the total value of $2139.06, and on which Beggs had paid $1539.06, and that $600 remained unpaid on account thereof, which Beggs had refused to pay, thereby breaching the bond. Judgment is accordingly asked for the penalty of the bond and execution for that amount and interest and costs and for a reasonable amount for attorneys' fees.

The answer of the sureties, after a general denial, admits the execution of the contract and bond as pleaded, and sets up departures from the contract, in the way of additions and alterations, etc., which it was claimed absolved the sureties from payment of the obligation of the bond. Beggs admitted in his answer an indebtedness of $227.76 and no more.

The reply was a general denial.

The case was tried before the court, a jury being waived, and a judgment was rendered for the penalty of the bond and damages assessed at six hundred dollars, and an attorney's fee allowed for one hundred dollars.

The court was requested to make a finding of fact in the case which it did as follows, entering it of record as we gather from the abstract:

"The court finds the following facts in addition to those admitted in the pleadings:

"1st. That the defendant, J. F. Beggs, as principal, and the other defendants above named, as sureties, signed, executed and delivered the bond dated June 1, 1907, and offered in evidence.

"2d. That the defendant, J. F. Beggs, entered into the contract with the School District of Fredericktown, dated June 1, 1907, whereby he agreed to construct, build and complete the high school building for said district in accordance with the conditions set out in said contract, which said contract was offered in evidence.

"3d. That the defendant, J. F. Beggs, completed the building mentioned in the said contract, and was paid therefor in full by the said school district, in accordance with the contract.

"4th. That he purchased for and used in the erection of said building the material set out in the account filed by plaintiff and offered in evidence, at and for the price therein set out and agreed upon, and that there is still due and unpaid plaintiff, from defendant, for such material, the sum of $600.

"5th. That the sum of one hundred ($100) dollars, the court finds to be reasonable allowance for plaintiff's attorney's fee in this cause and that said fee is provided for in the bond offered in evidence."

Judgment was accordingly entered for the penalty of the bond, and awarding execution for six hundred dollars debt and one hundred dollars attorney's fee and costs, and from this defendants have appealed.

REYNOLDS, P. J. (after stating the facts).— The paper filed as an abstract is attacked by counsel for respondent as not being sufficient in any respect; among others, that it fails to show the filing of record of a bill of exceptions. An examination of this so-called abstract, while showing many defects not necessary to be noted or commented on here, although not very clearly set out, does show that the bill of exceptions was duly filed in vacation by the clerk and within

the time allowed. The bill of exceptions is referred to by written interlineations in the printed abstract, by pages, but the bill of exceptions is not before us. What are said to be entries of records showing overruling of motions, contains the recital that defendants excepted to the ruling. But exceptions cannot be saved by record entries. It is impossible to determine by the abstract furnished us what is in the bill of exceptions and so saved. Thus it is set out that a motion was filed to strike out certain portions of the answer, setting up alterations in the building which it is claimed absolved defendants from liability on the bond, and the motion is set out in full. Following that is this entry in the abstract, written by pen and ink: "Said motion to strike out is set forth on pages 2, 3, 4, 5 and 6 in bill of exceptions." Then follows this, printed: "That on the 30th day of September, 1908, the same being the third day of the September term, 1908, the court took up said motion to strike out part of the answer of the said defendants aforesaid, and having seen, heard and considered the same, did then and there sustain the said motion. To the ruling of the court in sustaining said motion to strike out part of said answer, the defendants then and there and at the time objected and excepted and saved their exceptions." Then follows, by pen and ink, this: "The rulings and objections and exceptions are set out in bill of exceptions." And so it runs through this abstract. It comprises forty pages and these pen and ink interlineations of matter which should appear in an abstract are on sixteen of them, sometimes two or more on a page. By these alone is an attempt made to inform us of what is exception and what of record. Respondent challenges the abstract as insufficient and asks for an affirmance or dismissal of the appeal on that ground. We will not sustain that motion, but even without it, examining the so-called abstract, we are left in the dark to say what is and is not in the bill of exceptions. Rule 15 of our court

clearly and unmistakably calls for a printed abstract in fair type. While an occasional interlineation or correction by pen or pencil will not be cause for disregarding an abstract, we cannot tolerate such radical departure from the rules established for the orderly conduct of cases. As to the bill of exceptions, this entry, however, does appear: That the "court granted to the defendants until the 1st day of January, 1909, in which to file their bill of exceptions and in vacation of this court, and that execution be stayed pending the appeal." Then appears this: "That afterwards, and on the 22d of December, 1908, the defendants filed their bill of exceptions, with the clerk and in vacation of the circuit court of Madison county, Missouri, and the following entry of record was made, to-wit:" Then follows the entry of filing.

We have set out the finding of facts made by the court. It sustains all the material allegations in the petition.

The sole question which we consider necessary to consider at any length is the question of the sufficiency of the petition to sustain the judgment. Recurring to the objections made to the petition, it is urged that the bond there set up and pleaded does not include this plaintiff, he not being named in it, not being within its terms, but a stranger to it; that the bond is limited by its terms and scope to those who have a right to mechanics' liens, and as there can be no mechanics' liens against a public school building, it does not protect that class of claimants, of whom plaintiff is one; that no one but the school district itself is under protection of the bond; that "the clear and unequivocal wording of the bond in question is that it was made for the benefit of those and only those who might, under the statute, become entitled to liens." Section 6761, Revised Statutes 1899, provides:

"All . . . school districts making contracts for public work of any kind to be done for such

. . . school district, shall require every contractor to execute a bond with good and sufficient securities, and such bond among other conditions shall be conditioned for the payment for all material used in such work, and all labor performed on such work, whether by subcontract or otherwise."

We have set out the conditions of the bond as pleaded in the petition. It is not necessary to repeat them here. Over and beyond the obligation to pay for all material, etc., furnished Beggs in the construction of the building, is the distinct clause that the bond "is made for the use and benefit of all persons who may become entitled to liens under said contract, *or to whom said Beggs might become indebted and that it might be sued upon by such persons as if executed to them in proper person."* It is true that this clause is not in the language of section 6761, but while rather awkwardly expressed, it effectually covers the idea of that section. Discarding the statute, it is a good common-law bond, and very clearly sets out those who are to be within its protection. Nor is the expression in it, that those who may be entitled to mechanics' liens are within it, to be taken literally, for no one can be entitled to a mechanics' lien against a public building. Hence this clause might be read as if in these words: "Those who but for the provisions of the law exempting public buildings from mechanics' liens are entitled to enforce a lien." But this bond, as pleaded, does not end with this provision as to protection of mechanics' lien claimants. It protects these as well as those "to whom the said J. F. Beggs might become indebted for labor performed on said building or materials furnished and which entered into its construction." It is made for the use and benefit of "all persons who may become entitled to liens"—that is one class; "or, to whom said Beggs may become indebted," and that is another class; then, covering both, it provides, "it might be sued upon by such persons, as if executed to

them in proper person." Herein this bond differs radically from the bond in suit in State ex rel. v. Loomis, 88 Mo. App. 500, and instead of falling under the condemnation of that decision, this case is directly within the general doctrine there announced, namely, contracts for the benefit of third parties may be enforced by them, even if not named in them, provided it appears that the third parties were within the minds of the parties to the bond as parties within its protection. Judge GOODE (l. c. 504) expressly says, referring to the bond there before the court, "The language does not embrace all who might perform labor or furnish material, but only such as do one of those things and are entitled to a lien therefor. In that respect the contract differs from those construed in Crone v. Stinde, 156 Mo. 262, 55 S. W. 863; City ex rel. v. Von Phul, 133 Mo. 561, 34 S. W. 843; Devers v. Howard, 144 Mo. 671, 46 S. W. 625; School District ex rel. v. Livers, 147 Mo. 580, 49 S. W. 507; Luthy v. Woods, 6 Mo. App. 67, in which cases the contracts were so worded as to protect laborers and materialmen without the qualification that they should be lienors." The bond before us in this case does provide both for lienors and for all others who do work and furnish material. Hence it is within the rule laid down in the Loomis case and distinctly within the cases there cited.

As is said in the Luthy case, it is not necessary to resort to any supposed equity even to entitle the materialmen to sue. Their right arises from the very terms of the bond; the bond and its condition are pleaded; the plaintiff is within not alone its spirit, but its very terms. If necessary to go that far, we would be inclined to hold it good even under the statute.

We conclude, therefore, that the petition here does state a good cause of action and the finding and judgment of the trial court are fully sustained by it. Judgment affirmed. All concur.