RAITHEL, *Appellant*, v. SMITH.

**Contract to pay Another's Debt.** Defendants bought a pile of bricks, undertaking to pay for them at an agreed rate per thousand; part of the purchase money to go to the vendor, the rest to go in payments on two mortgages then outstanding against the bricks.    It turned out that there were not as many bricks in the pile as the parties had estimated.    Defendants took what there were, and paid for them at the contract rate, paying the amount due to the vendor and that due on the first mortgage.    The holder of the second mortgage not being paid, sued for the amount of his debt.    *Held*, that he could not recover; the defendants were not unconditionally liable to plaintiff under their contract.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

This was a suit to recover of the defendants $46, the amount of a note executed by one Bollman in favor of plaintiff.    The petition alleged that Bollman, to secure the note, had given plaintiff a second mortgage on 40,000 bricks, and had afterwards sold the bricks to the defendants at $8 per thousand, with the express understanding

Raithel v. Smith.

that defendants should pay plaintiff's note, and that they had failed to pay it. There was judgment for the defendants on the pleadings and proofs, and plaintiff appealed.

*F. S. Heffernan* for appellant.

*C. F. Leavitt* for respondents.

NAPTON, J.—In this case the plaintiff failed to prove the contract alleged in his petition, and this appears from the testimony of his own witness. In May, 1875, Bollman, the witness referred to, sold the defendants a pile of bricks, which he estimated to contain between 40,000 and 50,000 bricks, at $8 a thousand. He informed the defendants at the time that there were two mortgages on the bricks, one to Owen for $192, and the other to plaintiff for $46. It was, therefore, agreed that defendants should pay $80 to Bollman, and the balance "to go in payments to Owen and plaintiff on the mortgages." It turned out that there were only 34,000 bricks—had there been 40,000, as estimated, the price, at $8 per thousand, would have paid off both mortgages. As it was, after paying the $80 to Bollman, which was agreed to be paid in advance, the defendants paid the balance to Owen, who had the first mortgage. And the plaintiff now insists on holding the defendants responsible on the assumption that their contract was unconditionally to pay his mortgage for $46. No such contract was proved, and the judgment for the defendants was, in our opinion, correct, without regard to the 5th instruction, upon the propriety of which it is unnecessary to express an opinion. Judgment affirmed.

AFFIRMED.