Davis v. Dunn.

---

## WILLIAM DAVIS, Respondent, v. DUNN and THARP, Appellants.

**Kansas City Court of Appeals, November 5, 1906.**

1. **CONTRACTS: Promise for Third Party: Measure of Liability.** Where one merchant sells his stock to another and the latter agrees to pay out of the purchase price, certain debts of the vendor including rent for the storehouse, the promise is not an unconditional assumption of the rent but is contingent upon the sufficiency of the purchase price.

2. ——: ——: ——: **Bankruptcy.** The right of action by an outside beneficiary, for whose advantage a contract is made, between two other persons, is entirely subordinate to the terms of the contract; and where one of the parties cannot enforce the contract by reason of his subsequent bankruptcy, the third person acquires no better standing.

Davis v. Dunn.

3. ———: **Third Party: Novation: Evidence.** A novation must be supported by consideration such as the discharge of one debtor and the acceptance of another in his stead. Evidence is reviewed and found insufficient to sustain a novation.

Appeal from Livingston Circuit Court.—*Hon. Joshua W. Alexander,* Judge.

REVERSED.

*L. A. Martin* and *C. C. Bigger* for appellants.

(1) While a person, for whose benefit a contract is made, between other parties, may enforce such promise, against the promissor, yet to enable him to do so, such promise must be an absolute and unconditional promise, based upon a valid consideration. The clause in the contract, for the purchase of the stock of goods, was not an unconditional promise, on the part of the defendants, to pay plaintiff's debt, but it was merely an agreement "to pay out of the proceeds and purchase price of said goods, the debt, which Collins owed plaintiff, along with other debts owing by Collins." This case falls within the rule announced in Raithel v. Smith, 68 Mo. 258. (2) Even though the clause in the contract, upon which the plaintiff relies for recovery against defendants, was an unconditional promise to pay his debt yet, when Collins was adjudged a bankrupt, that judgment rendered the sale of the stock of goods, void, and the consideration for the contract failed. Collins could not thereafter enforce the contract. Ellis v. Harrison, 104 Mo. 270; Dunning v. Leavitt, 85 N. Y. 30; Crow v. Lewin, 95 N. Y. 423; Green v. McDonald, 75 Vt. 93; Malamaphy v. Mfg. Co., 125 Iowa 719.

*Scott J. Miller* and *Frank S. Miller* for respondent.

(1) A contract between parties made for the benefit of a third, made upon a valid consideration, may be en-

forced by the third person even though not named in the contract where the obligor owes to him some duty legal or equitable, which would give him some just claim. St. Louis ex rel. v. Von Phul, 133 Mo. 565; Rogers v. Gosnell, 58 Mo. 590; State ex rel. v. Gaslight Co., 102 Mo. 482; Ellis v. Harrison, 104 Mo. 276; Devers v. Howard, 144 Mo. 671; Porter v. Woods, 138 Mo. 539; Mfg. Co. v. Gerardi, 166 Mo. 154. This is an affirmative covenant and action could be brought on a failure to pay. Bank v. Leyser, 116 Mo. 51; School Dist. ex rel. v. Livers, 147 Mo. 585. (2) In James Brown v. Croy, 74 Mo. App. p. 462, the court says the conclusion to be deduced from the elementary books and adjudged cases in relation to what constitutes a novation is about this, namely, based upon a valuable consideration whereby the latter is to assume and pay the former's debt to his creditor and before passing of the consideration either of the two debtors explains the proposed transaction to the former creditor, and he consents to the substitution and agrees to accept the new debtor and releases the old one the novation is complete. Lee v. Porter, 18 Mo. App. 377; Edgell v. Tucker, 40 Mo. 523; Bank v. Gardner, 57 Mo. App. 268; Mulgrew v. Cochran, 96 Mich. 422. (3) The bankruptcy proceedings set up as a defense by the defendants in this case, could have no effect on the contract made in evidence, for the reason, when the contract was executed it made a new debtor, and Dunn and Tharp owed the plaintiff, in this case, and not Collins, as Davis accepted Dunn and Tharp in the place of Collins.

ELLISON, J.—Plaintiff brought this action for rent alleged to be due him for a store building in the town of Wheeling. He prevailed in the trial court. It appears that plaintiff owned a building which he had rented to James Collins who left therein a stock of merchandise. There was due to plaintiff from Collins as rent the sum of $192.50 when Collins sold his stock to

these defendants, the sale being evidenced by a written contract in which defendants agreed to pay eighty per cent of the cost of the goods, furniture and fixtures (to be ascertained by an invoice) and which contained an additional provision that defendants should "out of the proceeds and purchase price of said goods pay" several specified items of indebtedness owing by Collins to different persons, the last of which items was the rent for which this action is brought. The evidence showed that these defendants paid and discharged enough of Collins' debts as specified in the contract, to amount to more than the goods as invoiced, and they therefore refused to pay this plaintiff.

I.  If we measure the liability of these defendants by the contract between them and Collins, we find there is no ground upon which plaintiff can stand to enforce payment of his rent from these defendants. Their written promise to Collins for plaintiff's benefit was not an unconditional promise. They were to pay the rent out of, and as a part of, the purchase price of the goods to be ascertained by invoice. They did pay debts of Collins on such purchase price until nothing more was due thereon, and they were not liable for anything further. The case, so considered, is controlled by that of Raithel v. Smith, 68 Mo. 258.

II.  It appears that the sale by Collins to these defendants was afterwards annulled by proceeding in bankruptcy in the Federal court for Western District of Missouri and the stock seized in the proceeding in bankruptcy against Collins. It is therefore clear that Collins could not enforce payment of the purchase price of the goods from defendants when they were taken from them by proceeding in bankruptcy induced by the conduct of Collins. If Collins could not enforce the contract against these defendants, neither can this plaintiff for whose benefit the promise was made to pay the rent. [Ellis v. Harrison, 104 Mo. 270.] In that case it is said

that "the right of action by any outside beneficiary, for whose advantage a contract is made, between two other persons, is entirely subordinate to the terms of the contract as made. Such beneficiary cannot acquire a better standing to enforce the agreement than that occupied by the contracting parties themselves." The same rule is announced in Dunning v. Leavitt, 85 N. Y. 30; Crowe v. Lewin, 95 N. Y. 423; Malanaphy v. Mfg. Co., 125 Iowa 719.

III. There was, however, an effort made (aside from the writing) to make out a complete novation by showing that after the sale of the goods to defendants they promised plaintiff to pay him the rent which Collins owed him and that plaintiff accepted them as his debtors and discharged Collins. It is probable (though the record does not show) that the judgment of the trial court was based on that theory of the case. We however find that the record does not sustain that view. Novation, of course, must be supported by a consideration (Wharton on Contracts, sec. 858; 1 Parsons on Contracts, 239-241) and a discharge of one debtor and acceptance by the creditor of another in his stead, is a consideration for the promise of that other to pay the original debtor's debt. In this case the evidence in plaintiff's behalf showed that on being informed of the sale of the goods he asked Collins, "What about my rent?" and the latter said, "We have made arrangements for that. Mr. Dunn and Mr. Tharp will see that the rent is paid." Thereupon defendant Tharp "stepped up and said, 'That is all provided for. I will see that you get your rent.'" Plaintiff then replied, "All right; all I want is my rent." It does not appear by this that plaintiff discharged Collins, or that he accepted defendants as his debtors in lieu of Collins. Counsel endeavored to have Collins (plaintiff's only witness) so state, but he did not testify to that, nor to that effect. No other consideration appears or is suggested. Plaintiff himself did

not testify and defendants denied any contract about the rent except as contained in the writing. If then defendants made an independent promise outside the writing it was a mere naked promise and has nothing in the way of consideration upon which to stand. We have carefully considered all that was stated in evidence affecting any question of novation, as here stated, and find that it fails to show anything more than that defendants merely assumed the Collins debt without any act to make it a binding assumption.

It follows from the foregoing that the judgment should be reversed. All concur.