WILLIAM · LECKIE, Appellant, v. JOSIAH BENNETT et al., Respondents.

**Springfield Court of Appeals, December 4, 1911.**

1. **CONTRACTS: Novation: Estoppel: Sufficiency of Evidence.** In an action· on an account against the defendants as co-partners, the defendants answered, admitting the purchase of all of·the articles, except one, as co-partners, but alleged that they subsequently organized a corporation, which, for a valuable consideration, assumed the payment of the articles purchased by them as co-partners and that plaintiff assented to the novation agreement and further pleaded that plaintiff's action in charging said items to the corporation and failing to use reasonable diligence in collecting the same, should now estop him from holding defendants liable on said account. The evidence is examined and *held* insufficient to establish either a novation or an estoppel.

2. **APPELLATE PRACTICE: Inconsistent Positions.** The trial of a cause in an appellate court is a trial of the errors of law committed by the trial court and positions taken on appeal will not be allowed which are antagonistic to the positions taken at the trial.

3. **PRACTICE: Actions on Account: Defenses of Novation and Estoppel: Burden of Proof.** In an action against co-partners on an account, where the defendants in their answer admitted the purchase of the items, but pleaded both a novation and an estoppel, the burden is upon the defendants to establish · one or the other of these affirmative defenses.

160 App.—10

4. CORPORATIONS: Purchase of Property: Consideration: Record in Minutes not Essential, When: Evidence. In a suit against co-partners on an account, the defendants answered, admitting the purchase of certain items, but alleged that a corporation had purchased the articles from them in consideration that it assume the payment of the account, and that plaintiff had agreed to the novation. The record of the meeting of the corporation at which this property was taken over was silent regarding the assumption of the debt of the partnership. *Held,* that as the corporation, having authority so to do, purchased and took possession of the property of the partnership, it would be estopped to deny the consideration and a record thereof in the minutes of the meeting was not essential.

5. CONTRACTS: Assuming Payment of Another's Debt: Statute of Frauds: Novation: Creditor May Sue, Whom. Where plain-tiff sold articles to a co-partnership and the co-partnership subsequently sold out to a corporation, which took over the property and assumed the payment of plaintiff's account, *held,* that such contract, being for plaintiff's benefit, he was entitled to maintain an action against the corporation on said account, even though he was not privy to the consideration and such contract was valid, although not made in writing. *Held,* also, that unless a contract of novation had been made plaintiff could still enforce his debt against the co-partnership.

6. NOVATION: What Constitutes: Contracts. A novation by the institution of a new debtor consists of a mutual agreement among the creditor, his immediate debtor and the intended new debtor, whereby the liability of the last named is accepted in place of that of the original debtor and in full discharge of the original debtor.

7. ———: How Established. A contract of novation will never be presumed but must be clearly established by the evidence and must show a discharge of the original debt.

8. ———: ———. To establish a contract of novation it is not essential that the assent to and the acceptance of the terms of the novation should be shown in express terms, but it may be implied from facts and circumstances attending the transaction, as well as the conduct of the parties thereafter.

9. ———: ———: Consideration: Discharge of Original Debt. A novation in order to be valid, like any other contract, must be supported by a consideration, and in those cases where the consideration is the discharge of the original debt, such discharge of the original debt must be contemporaneous with and result from the consummation of an arrangement with the new debtor.

Leckie v. Bennett et al.

10. **ESTOPPEL: Pleading: Necessary Allegations.** To constitute a sufficient plea of estoppel in law when set up as a defense to plaintiff's cause of action, it is essential to allege that the action of the plaintiff induced the defendants to change their position to their detriment. The allegations of estoppel are examined in this case and *held* to be insufficient.

11. **STATUTE OF FRAUDS: Action on Account: Assuming Payment of Another's Debt.** In an action against co-partners on an account it appeared that the first item sued for was a boiler which had been purchased by one of the defendants prior to the formation of the co-partnership, but there was oral evidence of an agreement whereby the co-partnership purchased the boiler and agreed to assume the payment therefor. *Held*, that the boiler having been delivered, such agreement was not required to be in writing, as it was not a promise to answer for the debt of another, but the party assuming to pay became primarily and not secondarily liable.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair*, Judge.

REVERSED AND REMANDED.

*E. F. Cameron, L. S. Dewey* and *W. J. Owen* for appellant.

(1) The individual members of the Missouri Standard Mining Company, could not assume the debts of the Oakwood Mining Company, but same would have to be done by a majority of the persons duly assembled as a board of directors. R. S. 1909, sec. 2992; Hutchinson v. Green, 91 Mo. 367; K. C. Hay Co. v. Devol, 72 Fed. 721; Calumet Paper Co. v. Haskell, 144 Mo. 331. (2) There is no novation here. A novation requires the mutual assent of all parties to the transaction, a mutual agreement extinguishment of the old debt, a new promise from the substituted debtor, as a specific agreement by the creditor to release the old debtor, and the release, the consideration for the substitution of the new party in the place of the old. Brown v. Croy, 74 Mo. App. 466; Davis v. Dunn, 121 Mo. App. 494; Lee v. Porter, 18 Mo. App. 377; Edgell

v. Tucker, 40 Mo. 523; Wallace v. Axtell, 30 Pac. 594; Hill v. Warner, 20 Ind. 309; Hanson v. Nelson, 84 N. W. 742; Murphy v. Hanrahan, 50 Wis. 489, 6 L. R. A. 688; Vanderline v. Smith, 18 Mo. App. 61; Kelso v. Flemming, 3 N. E. 830; Bank v. Gardner, 57 Mo. App. 268; Cox v. Sloan, 158 Mo. 411; Bank v. Walker, 132 Mo. App. 117. (3) The mere fact that the members of the partnership and the stockholders of the corporation were the same person imply an assumption by the corporation of the partnership liabilities, but the corporation must by some affirmative act assume them and by doing so, both the partnership and the corporation become liable and the creditor may look to both for payment of the debt. Schufeldt v. Smith, 139 Mo. 367; Porter v. Wood, 138 Mo. 539; Rogers v. Goswell, 51 Mo. 466. (4) A creditor may without releasing his original debtor take advantage of the agreement of a third person to pay the debt in consideration of a transfer of property to him by such original debtor. The original debtor need not be discharged to hold the other liable. Bank v. Gardner, 59 Mo. App. 268; Griswold v. Ins. Co., 1 Mo. App. 104; Wickam v. Loan Association, 80 Ill. App. 523; Rothermel v. Coal Co., 79 Ill. App. 667; Devers v. Howard, 144 Mo. 671; State ex rel. v. Light Co., 102 Mo. 482; Ellis v. Harrison, 104 Mo. 276; Ins. Co. v. Meyer, 8 Mo. App. 18; Mfg. Co. v. Burrows, 40 Kan. 361, 16 L. R. A. 85.

*Spencer, Grayston & Spencer* for respondents.

(1) Defendant's request to the court to declare as a matter of law that judgment should be for all of the defendants should have been given. Elec. Supply Co. v. Mysenberg, 85 Mo. App. 337; Koegel v. Givens, 79 Mo. 77; Macke v. Davis, 61 Mo. App. 524; Marmon v. Waller, 53 Mo. App. 610. (2) Plaintiff's prima facie case shows defendant Bennett to be indebted for the whole of the account proven, and the other

defendants to be indebted for the account proven, less the first item for which Bennett alone is liable, if it shows anything under his pleading. It was a misjoinder and a proper case for election. Moore v. Hunt, 8 Mo. 467; Liney v. Martin, 29 Mo. 28; Doan v. Holly, 25 Mo. 357; Wooner v. Levy, 48 Mo. App. 469; Beattie Mfg. Co. v. Gerardi, 166 Mo. 142. (2) In the civil law, novation took place only when the contracting parties expressly disclosed that their object in making a new contract was to extinguish the old contract. Under our law, novation may be inferred from circumstances without proof of an express agreement. 29 Cyc. 1132; Jones v. Austin, 26 Ind. App. 399, 59 N. E. 1082; In re Dixon, 13 Fed. 109; Hard v. Burton, 62 Vt. 314, 20 Atl. 269. (4) In proving a novation or agreement of the creditor to accept a third person as his debtor the agreement of the creditor to accept a third person as his debtor need not be shown to have been made in express terms; if it can be implied from the facts in the case, it will be sufficient. 9 Ency. of Evidence, 8; Culbertson Co. v. Wildman, 45 Neb. 663, 63 N. W. 947; Warren v. Batchelder, 15 N. H. 129.

NIXON, P. J.—This was a suit instituted by appellant against the respondents as partners doing business under the firm and style of Oakwood Mining Company. The petition is in one count, and the cause of action is based upon an account stated consisting of various articles for use in the mining business, and for rent of a hoister, said items extending from September 12, 1907, to October 2, 1909, and to the date of the formation of the corporation (hereinafter referred to) known as the Missouri Standard Mining Company, which account is not preserved in the record.

The answer is a general denial, coupled with a plea of novation, a plea of estoppel, and a plea of misjoinder of parties defendant as to one of the items sued

upon by plaintiff. The defendants, Josiah Bennett, Charles Markwardt, W. A. Hagler and J. P. Hagler, filed joint affidavits denying partnership, first general, then specially limiting said denial to the items under date of September 12, 1907; the defendant Wesley M. Smith filed an affidavit denying partnership, in the first instance generally, and then limiting said denial to September 12, 1907; defendant W. A. Mattison, filed an affidavit denying partnership limiting his denial to September 12, 1907.

The testimony of plaintiff as to the first item shows that it was for a boiler sold by him to one of the defendants, Josiah Bennett, for $250, and that at that time one Baldwin was associated with Bennett and they together had a contract from the plaintiff on certain mining land, but before anything was taken or the boiler moved onto the mining lease, Baldwin dropped out and Bennett had other parties interested with him and they were beginning operations under the name of Oakwood Mining Company, the parties interested with him under the name "Oakwood Mining Company," being, Charles Markwardt, W. A. Hagler, J. P. Hagler, and possibly Wesley M. Smith. After these persons had become interested together as the Oakwood Mining Company, all other items on the account up to and including March 16, 1908, were incurred and were ordered by, charged to, and delivered to the Oakwood Mining Company at the place where these defendants were carrying on mining operations. The Missouri Standard Mining Company was organized as a corporation and took over the property of the Oakwood Mining Company as its capital stock, and the first charge as shown by the plaintig's books against the Missouri Standard Mining Company was under date of March 28, 1908. After defendant Smith became interested, bills were presented to him with the $250 item thereon and money was paid by him on the account so presented; and

this account, showing the item of $250, under date of September 12, 1907, was presented to W. A. Hagler; and it was also presented to J. P. Hagler as a member of the Oakwood Mining Company (with the $250 item thereon) and payment demanded.  The defendants organized the Missouri Standard Mining Company on February 21, 1908, with a capital stock of $60,000, and on February 26, 1908, all of the defendants made a bill of sale to the corporation conveying the property of the Oakwood Mining Company for the consideration of $60,000, and at a meeting of the corporation on that date the minutes of the meeting show the property of the Missouri Standard Mining Company and what business was transacted at that time, but is silent as to any assumption of debts.  The testimony of the defendants was that at one of their meetings, soon after they received the corporation's charter, it was unanimously voted and agreed that the corporation would take over the asserts of the partnership and assume its debts.  There was no written evidence of such agreement in the records of the proceedings of the corporation.  The testimony as to the plaintiff's part in the assumption agreement was that he had advised such a course before the formation of the corporation; that he was notified soon after the action was taken by the corporation.  No witness was able to give the exact date when he was thus notified, but plaintiff's entries on his books show that the last item charged to the partnership was under date of March 28, 1908, and from that date on everything was charged to the corporation.  The account against the partnership was closed on his ledger, showing a balance of $469.38 due.  Under date of March 28, 1908, plaintiff opened a ledger account against the Missouri Standard Mining Company incorporated, as successor to the Oakwood Mining Company, beginning the account with the balance of $469.38 with which the partnership account was closed.  From that time on, every

bill or statement sent out by the plaintiff was directed to the Missouri Standard Mining Company, and this old partnership balance figured in the account of the corporation in every such statement without exception. The record shows no statement of account against the Oakwood Mining Company dated later than March 28, 1908, the time when the account was charged against the corporation. Defendants took the position that the plaintiff's assent to the novation agreement could be shown circumstantially if the circumstances were certainly sufficient to support the finding of the trial court.

After February 26, 1908, the Missouri Standard Mining Company had a meeting and sent for the plaintiff, and he refused to come, and the next morning defendant Mattison came to plaintiff and brought him a check for twenty-five dollars, and a statement that the corporation would assume the debts. On March 17, 1910, the president of the corporation wrote a letter to plaintiff offering to make the account sued on the debt of the corporation and suggested that such would have to be done at a meeting of the board of directors and stating that he had called such a meeting for March 19, 1910, which was after the institution of this suit; and again the president of the corporation wrote to the plaintiff offering to recognize this debt on the part of the corporation.

At the conclusion of all the evidence the court required the plaintiff to elect whether he would proceed as to the item dated September 12, 1907, for the $250, or as to the items following that date and to the date of the formation of the corporation. He elected to omit the first item and to proceed against all the defendants for the account subsequent to the first item. After this election, defendants asked the court to declare that the judgment should be in favor of all the defendants, which request was refused.

The following declarations of law were given for the plaintiff:

"The court declares the law to be that although it may find and believe from the evidence that the corporation agreed with the defendants who were indebted to plaintiff that said corporation would take over the property of said partnership and assume all debts of said partnership including the debt which they were liable for herein, yet if it further finds that the plaintiff had no knowledge of this assumption on the part of said corporation until the same was fully consummated and did not assent or consent thereto, plaintiff's future conduct in sending bills to said corporation and accepting payments from it would not create or constitute the transaction a novation or authorize a finding for defendants on account of said assumption of said corporation and subsequent acts of plaintiff.

"The court declares the law to be that although it may find and believe that the corporation took over the property of the partnership and agreed at such time to pay the debts due plaintiff from such partnership, yet such fact would not relieve the partnership unless said plaintiff agreed to accept said corporation and release said partnership from said obligations.

"The court declares the law to be that even though the Missouri Standard Mining Company did assume and agree to pay the debt owing the plaintiff by the Oakwood Mining Company and plaintiff thereafter sought to recover same from said Missouri Standard Mining Company, yet such did not create and constitute a novation unless it further believe that said plaintiff with knowledge of such assumption released said Oakwood Mining Company from said indebtedness.

"The court declares the law to be that even though plaintiff after the formation of the corporation included in the bills due from the corporation

after its formation the amounts due plaintiff from the partnership, yet that fact alone would not estop plaintiff from pursuing and recovering from the partnership for goods furnished to said partnership prior to the formation of said corporation.

"The court declares the law to be that novation cannot be created by ratification, but may be completed by ratification."

The plaintiff requested and the court refused to give the following declarations of law:

"The court declares the law to be that unless the court finds and believes from the evidence that the agreement of the corporation to assume the debts of the partnership and the agreement of plaintiff to accept the corporation and discharge the partnership were contemporaneous the finding should be that no novation occurred.

"The court declares the law to be that although the acts of plaintiff occurring after the agreement between the corporation and the partnership were sufficient to constitute a ratification yet such acts would not constitute novation.

"The court declares the law to be that under the pleadings and evidence the finding should be for plaintiff.

"The court declares the law to be that under the law and evidence there is no question of estoppel in this case.

"The court declares the law to be that under the law and evidence the plaintiff has not waived his right to sue the parties constituting the Oakwood Mining Company."

Judgment was entered for the defendants and plaintiff has perfected his appeal to this court.

Plaintiff Leckie owned a tract of land which he leased to Josiah Bennett and one Baldwin for mining purposes. They purchased of him a fifty horse-power boiler which was hauled to the place where they pro-

posed to undertake the mining business. A panic came on, Baldwin became ill, the panic caught him, and he went out of the mining business and left his interest in the lease to Bennett. Some thirty days later, Bennett organized the Oakwood Mining Company, a partnership, of which the defendants became members and succeeded Bennett and Baldwin in the ownership of the lease and in the mining enterprise. At the time of the organization of the partnership, this boiler was on the ground where the mining operations were afterwards carried on by the partnership, and other machinery was bought of the plaintiff by the partnership to be used in connection with the boiler in the development of the mine. The items of plaintiff's account, excepting the boiler, were purchased by the Oakwood Mining Company, the partnership.

In the petition, the pleader undertakes to state a cause of action as an account stated; strictly construed, it cannot be so considered; but no such itemized account appears anywhere in the record, and from a legal standpoint the evidence does not sustain the claim of account stated. However, the materiality of the question as to whether the petition declared upon an account stated was eliminated by defendants' answer and the theory on which the case was ultimately tried. This is shown by the following excerpt from the defendants' answer: "Further answering said defendants say that on or about February 1, 1908, the Missouri Standard Mining Company was organized as a corporation under the laws of the State of Missouri; that immediately thereafter it assumed for valuable consideration all of the obligations of the defendants in this suit, who had been doing business as partners under the name of the Oakwood Mining Company, including the account sued on by plaintiff in this suit"—except the $250 item. Under this answer and the subsequent proceedings in the circuit court, the

demurrer of defendants at the conclusion of plaintiff's evidence was properly overruled.

The trial of a cause in an appellate court is a trial of the errors of law committed by the trial court, and positions taken on appeal will not be allowed which are antagonistic to the positions taken at the trial.

The defendants' answer substantially admits (1) that the defendants were partners, and that the partnership was organized to take over the mineral lease owned by Bennett, and in order to develop it, and (2) that the total sum of $524.28 claimed by the plaintiff in the petition to be due from the defendants the partnership (Oakwood Mining Company) assumed to pay plaintiff, less $250, the purchase price of the fifty horse-power boiler which they claimed Bennett only was liable for. Under this condition of the pleadings, it is evident that the burden was upon the defendants to establish one or the other of the affirmative defenses as to all the items except the boiler, that is, either an estoppel or a novation. The plaintiff's prima facie case showed the defendant Bennett to be indebted for the whole account proven and the other defendants to be indebted for the account proven less the first item for which defendant Bennett alone was responsible.

The evidence in this case further tends to support the contention of the defendants that on or about February 1, 1908, the Missouri Standard Mining Company was organized as a corporation under the laws of the State of Missouri, and that immediately thereafter it assumed for a valuable consideration the obligations of the defendants in this suit as partners in the Oakwood Mining Company, including the entire account sued on by plaintiff except the $250 item. and that it became the owner of the property and assets of the Oakwood Mining Company on condition that it would assume the payment of such debts. The plain-

tiff however contends that the proof of such assumption is wholly inadequate; that the Missouri Standard Mining Company, being a corporation, such act of assuming the debts of the Oakwood Mining Company could only be shown by the records of the corporation. The record of the meeting of the corporation at which the property of the Oakwood Mining Company was taken over by it is silent as to any action taken by the board of directors regarding the assumption of the debts of the Oakwood Mining Company. In this case, however, as the corporation purchased and took into its possession all the property of the Oakwood Mining Company, the partnership, it would be estopped to deny the consideration of the purchase, especially in a case like the present where it was acting within the scope of its corporate powers and had authority to purchase such property. We think under the evidence that it was clearly competent to show not only the transfer of the property of the partnership to the corporation, but it was also competent to show by oral testimony the real consideration for the transaction. Southern Hotel Co. v. Newman, 30 Mo. 118, and cases cited.

The objects of the organization of this corporation and its purpose to take over the property of the partnership and to assume its debts was well known at the time to the plaintiff. His testimony on this point is to the effect that while the promoters of the corporation were selling stock and raising money, "I told them I thought it would be the best thing they could do to pay these bills and go ahead. The bills I referred to at the time were the bills due me from the Oakwood Mining Company." The evidence further tended to show that plaintiff was notified soon after the organization of the corporation that it had assumed the debts of the partnership. No witness was able to give the exact date when he was thus notified, but the plaintiff's entries on his account books showed

that the last item charged to the partnership was on March 28, 1908, and from time on everything was charged to the corporation. The account against the partnership was closed on plaintiff's ledger showing a balance of $469.38. On the same date, the plaintiff opened a ledger account with the Missouri Standard Mining Company, incorporated, as the successor to the Oakwood Mining Company and the account was opened with a balance of $469.38 with which the partnership account was closed. From that time on plaintiff's bills and statements were directed to the Missouri Standard Mining Company, and, in all, he sent out thirty-one such statements, and there was no showing that after that time plaintiff made any statement of account against the Oakwood Mining Company.

The Missouri Standard Mining Company by assuming for a consideration the debts due from the Oakwood Mining Company to the plaintiff made itself thereby indebted to the plaintiff. Such contract, being made for his benefit, the corporation became his debtor and he was thereafter entitled to maintain an action against it even though he was not privy to the consideration, and such contract was valid although not made in writing. [Howsmon v. Trenton Water Co., 119 Mo. 304, 24 S. W. 784; Devers v. Howard, 144 Mo. 671, 46 S. W. 625; The State v. Railway Co., 125 Mo. 596, 28 S. W. 1074; Rogers v. Gosnell, 51 Mo. 466; Flanagan v. Hutchinson, 47 Mo. 237; Fitzgerald v. Barker, 70 Mo. 685.]

A creditor may, without releasing his original debtor, take advantage of the agreement of a third person to pay the debt in consideration of a transfer of property to him by such original debtor. The original debtor in such case need not be discharged and may still be held liable for the debt. Devers v. Howard, supra. So that in this case, after the assumption by the corporation of the partnership indebtedness to plaintiff, plaintiff could hold the corporation as well

as the members of the partnership and enforce his debt against either of them unless a contract of novation had been formed. The contract of the Missouri Standard Mining Company to assume the payment of the partnership obligations was supported by a sufficient consideration as between the members of the partnership and itself and cast the burden of paying the partnership debts upon the corporation.

The defendants, however, claim that the contract by which the corporation assumed the debts of the partnership was made with the consent of the plaintiff and constituted a novation by the substitution of the Missouri Standard Mining Company as a new debtor. A novation by the substitution of a new debtor consists of a mutual agreement among three or more parties, the creditor, his immediate debtor, and the intended new debtor, whereby the liability of the last named is accepted in place of that of the original debtor and in full discharge of the original debt. Such contract will never be presumed, but must be clearly established by the evidence and must show a discharge of the original debt and an agreement by the creditor as well as the other parties showing an intention to work a novation and discharge the original debt. [Babbitt v. Railway Co., 149 Mo. App. 439, 130 S. W. 364.] In such case, the new debtor in consideration of the discharge of the original debtor contracts a new obligation in favor of the creditor. To establish such novation it is not essential that the assent to and acceptance of the terms of the novation should be shown in express terms but may be implied from facts and circumstances attending the transaction as well as the conduct of the parties thereafter. [29 Cyc. 1132.] And while the consent of the creditor to the release of his original debtor may be implied, it is not to be implied merely from the fact of the subsequent performance of the contract by the substituted debtor for that might well exist with the continued liability of the

original party, the substitute acting for that purpose in the capacity of an agent for the original obligor. So it has been held that a suit brought by the creditor against the delegated debtor is not evidence of the intention to discharge the original debtor unless a demand of payment preceded the institution of the suit. In this case, the fact that plaintiff closed the partnership account on his books and transferred the balance due thereon to a new account opened against the corporation, and rendered his statements of account subsequently to the corporation from time to time wherein he charged the old account to the corporation is not necessarily inconsistent with the continued liability of the defendants.

But a novation, in order to be valid, like any other contract must be supported by a consideration, which, in this case, is the discharge of the original debt. If the agreement does not or was not intended to operate as a release of the original debt, it is not a novation. The discharge of the original debt must be contemporaneous with and result from the consummation of an arrangement with the new debtor. [29 Cyc. 1134.] No other consideration is shown in this case for the existence of the novation claimed except the estinguishment of the original debt of the Oakwood Mining Company to the plaintiff. And the evidence fails to show that the plaintiff made any agreement with the Missouri Standard Mining Company contemporaneous with its assumption of the partnership debts as a consideration for the release of the partnership obligations to him. Although there was an agreement between the partnership and the corporation by which the corporation assumed the debts of the partnership, to which the plaintiff subsequently acquiesced, this is not sufficient; in order to constitute a novation the discharge of the old debt must be contemporaneous with and result from the consummation of the agreement with the new debtor, which is not shown by the

evidence in this case. [Kelso v. Fleming, 3 N. E. 830; Bowen v. Young, 75 N. Y. Supp. 1027; 29 Cyc. 1134.]

The plaintiff requested and the court refused to give the following declaration of law: "The court declares the law to be that unless the court finds and believes from the evidence that the agreement of the corporation to assume the debts of the partnership and the agreement of plaintiff to accept the corporation and discharge the partnership were contemporaneous the finding should be that no novation occurred." Under the evidence this was a proper declaration of the law and the refusal of the court to give it evidences the fact that the trial was conducted and the issues decided on an erroneous legal theory.

The answer further sets up as a defense an estoppel, to the effect that the plaintiff presented his bills to the corporation for payment after it had been organized and that these bills could then have been collected from the corporation as it was solvent if the plaintiff had used reasonable diligence, but that subsequently and at the time the suit was instituted, the stockholders in the corporation had been changed and the corporation had become practically insolvent. As the evidence shows that plaintiff presented for collection to the corporation some thirty-one different statements of his account, we think the record affords some evidence that the plaintiff at least used some diligence to make the collection from the corporation. The most painstaking examination of the record fails to establish any sufficient evidence of the fundamental elements of an estoppel.

The plea of estoppel is as follows: "That plaintiff rendered various bills and statements to said corporation from time to time after its organization, carrying on said statements and bills the account sued on herein as a part of the indebtedness of said corpora-

tion; that the plaintiff could have collected all that was due him from said corporation if he had proceeded with reasonable diligence to do so, but that now the stockholders of said corporation have changed and the corporation has disposed of practically all of its property and it would be unjust and inequitable for the plaintiff to hold these defendants for any part of said account and the plaintiff should be estopped from asserting his liability."

It may be said in this connection that this plea is wholly insufficient to constitute an estoppel in law as it does not charge that any acts of the plaintiff induced the defendants to change their position to their detriment. This is a necessary allegation of an estoppel and should have been both alleged and proved. [Blodgett v. Perry, 97 Mo. 263, 10 S. W. 891.]

At the conclusion of the plaintiff's evidence, under the rulings of the court, the plaintiff had made a prima facie case against Josiah Bennett for an account up to March 19, 1908, including the first item of $250 for the boiler sold to Bennett and Baldwin, and a prima facie case against the other defendants for an account except the boiler, and the plaintiff was required by the court to elect whether he would proceed against Bennett for the boiler or against all the defendants for the balance of the account, and he elected to omit the first item (the boiler) and proceed against all the defendants for the account subsequent to the first item. The correctness of this ruling of the trial court is challenged by the appellant. But appellant had no ground of complaint as to this ruling if the court did not in the course of the trial exclude proper evidence offered to sustain the liability of the defendants as partners for the boiler, and provided further that the court properly interpreted the evidence as to this question that was actually put in the record by the appellant. As we have heretofore stated, the action was shifted by the pleadings and the theory of the

trial from an action on an account stated to an assumption by the partnership of plaintiff's indebtedness and of a subsequent novation. There was evidence offered by the plaintiff that the Oakwood Mining Company purchased the fifty horse-power boiler from Bennett and that it was hauled to the mine on the leased premises and used with other machinery by the defendants to develop the mine. Also, that the members of the Oakwood Mining Company in consideration of the transfer of the mineral lease agreed with Bennett to assume the payment of the $250, the purchase price of the boiler. But at the conclusion of the case the court seems to have arrived at the conclusion that such evidence was improperly admitted, and, on objection of the respondents, when other evidence of the same class was offered, sustained respondents' objection to its admission on two grounds, viz.: (1) Because the contracts of the several partners of the Oakwood Mining Company with Bennett for the purchase of an interest in the lease were in writing and the writing was the best evidence. (2) Because the agreement, if any, made with Bennett to pay for the boiler would be a promise to answer for the debt, default or miscarriage of another, and, being within the Statute of Frauds, must be in writing. We think the grounds of these objections are not valid. As to the agreement to pay for the boiler not being in writing, as Bennett was not a party to any such agreement, he was not bound thereby, but might show that the partnership for a valuable consideration assumed the payment for the boiler by any competent evidence whatever, whether in writing or not. As to the second ground, such agreement was not required to be in writing as it was not a promise to answer for the debt, default or miscarriage of another, but the party assuming to pay became primarily, not secondarily, liable, and no writing is required in such a case. However, as the case is to be re-tried, if plaintiff desires

to meet the objection that his evidence is not within the issues, he should amend his petition.

The conclusion follows that the judgment should be reversed and the cause remanded and it is so ordered. All concur.