L. R. GREENE, Respondent, v. GEORGE H. MUSSON, Appellant.

Kansas City Court of Appeals, April 7, 1913.

1. EXCHANGE REAL ESTATE: Agent: Commission: Novation. L, a real estate owner, employd an agent to secure an exchange of real property. The agent produced S, who had suitable property and an agreement to exchange was made in writing. This agreement provided that each was to furnish good abstract showing perfect title. Before deeds were exchanged M bought L's interest in the contract for exchange and agreed to pay $150 commission to L's agent, provided the exchange with S

was consummated, but the agent did not release ·L. It was *held* that there was no consideration for the. attempted novation and that M was not liable.

2. ———: ———: Sale or Exchange: Abstract: Liens: Default. Where a contract for the sale or exchange of real estate provides for a perfect title to be shown by an abstract, and the abstract shows large sums for special taxes are a lien, the fact that the vendor informs the vendee that he has paid such taxes, does not fill the contract. The vendee has a right to have the abstract show it and he may refuse to consummate the sale and is not in default for refusing.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

REVERSED.

*Chapman & Hanger* for. appellant.

(1) To constitute a novation four things are necessary: a. A previous valid obligation. b. The agreement of all the parties to the new contract. c. The extinguishment of the old contract and release of the old debtor. d. The validity of the new contract. 29 Cyc. 1130; Brown v. Croy, 74 Mo. App. 462. (2) If the first debt does not depend on any condition, but the second engagement, intended as a novation, is conditional, the novation can only take effect by the accomplishment of the condition of the new engagement before the debt is extinct. Edgell v. Tucker, 40 Mo. 523; 29 Cyc. 1138. (3) Novation must be supported by a good consideration. The release of Lemon, the unconditional agreement of Musson and acceptance of Musson by plaintiff would show a consideration. Davis v. Dunn, 121 Mo. App. 490. (4) Defendant's promise was conditional, based on the happening of a future event. The happening of the event was a condition precedent and must be exactly performed or fulfilled before the promise can be enforced. 9 Cyc. 615; Bruce v. Snow, 20 N. H. 484. (5) It is elementary law that when a contract is made upon a certain named condi-

tion, a party seeking to recover under such contract must bring himself within such condition. Hughes v. Dood, 146 S. W. (Mo.) 446.

*W. F. Zrumbrunn* for respondent.

(1) Respondent agrees with appellant that novation did not occur in this matter, there being an absence of such facts as would support novation. It leaves defendant in the position of an original promisor under an original covenant. (2) The owner cannot defeat the broker's right to compensation by refusing to enter into a contract with broker's customer who stands ready, able and willing to close on the terms made by the owner. 19 Cyc. 247; Hopwood v. Corbin, 63 Iowa, 218; Gaty v. Foster, 18 Mo. App. 639; Christianson v. Wooley, 47 Mo. App. 53; Brown v. Smith, 113 Mo. App. 59; Salle v. McMurry, 113 Mo. App. 253; Commission Co. v. Real Estate Co., 120 Mo. App. 432.

ELLISON, J.—This action is on a contract whereby it is alleged defendant promised to pay plaintiff one hundred and fifty dollars. It was begun before a justice of the peace and on appeal to the circuit court judgment was rendered for plaintiff.

It appears that plaintiff is a real estate agent and that she was employed by one Lemon to bring about and consummate an exchange of Kansas City real estate. She performed that service by finding a party named Schermerhorn with property he was willing to exchange. She brought the parties together, an agreement was had and a written contract of exchange entered into. Before the exchange was actually made it appears that this defendant appeared and entered into a written contract with Lemon whereby he became substituted for Lemon, or rather bought out Lemon's interest in the contract of exchange. We are left to assume that defendant would, in some way, get the

property from Lemon so as to be able to make the exchange. The statement of each party fails to inform us how this was to be done. We will remark that Schermerhorn was not a party to the latter contract. It reads as follows: "This contract witnesseth: That whereas Frank L. Lemon, did on the 3rd day of August, 1910, enter into a written contract with E. B. Schermerhorn, by the terms of which contract said Lemon agreed to convey to said Schermerhorn Lots. . . . Under said contract said Schermerhorn agreed to convey to said Lemon Lots. . . . Now on this day said Lemon has turned over said contract to Geo. H. Musson with the understanding that said Musson make the exchange of properties with said Schermerhorn, and in consideration of the benefits of said contract said Musson agrees to deed to said Lemon the West 50 feet of first described tract of land above. Said Musson also agrees to pay to Mrs. L. R. Green $150 for her assistance in the said transaction, it being agreed and understood however that said Musson is to deed said Lemon the said land and is to pay the said Green the said amount in money only on condition that Musson and Schermerhorn consummate above described contract according to its terms. In the event of said contract not being consummated as per its items all liability on part of Musson to cease."

It will be observed that defendant was to give Lemon for his interest in the contract, fifty feet of the ground he was to get of Schermerhorn, and it will be further observed that defendant was to pay plaintiff "$150 for her assistance in the said transaction, . . . only on condition that Musson and Schermerhorn consummate the contract according to its terms."

Plaintiff has not based her action on the state of facts as above set forth. On the contrary she has made it appear by her petition that defendant employed her to bring about an exchange of property between defendant and Schermerhorn and that she "se-

cured an agreement in writing by which Schermerhorn agreed to take the property of the defendant and defendant in turn agreed to take the property of said Schermerhorn, and thereafter defendant refused and still refuses to complete said exchange." In point of fact she was employed by Lemon and she procured and produced Schermerhorn to him and they went into a contract of exchange. That was the service for which she was to get $150, and which she earned. Lemon was her debtor when he sold to defendant, the latter agreeing to pay her her commission Lemon owed her, if he consummated the trade with Schermerhorn. The record leaves no doubt that her commission was earned as the employee of Lemon. In fact, according to her own testimony, nothing was left to be done and nothing was done by her after defendant bought out Lemon, save perhaps asking if the abstracts had been brought down to date. Her services was performed before defendant's appearance in the transaction.

All defendant did in connection with plaintiff was to agree (conditionally) with Lemon to pay his debt to her. And for this there was no consideration. To constitute a valid novation there must be a' release of the old debtor and a valid agreement with the party sought to be held. [Davis v. Dunn, 121 Mo. App. 490; Brown v. Croy, 74 Mo. App. 462; Edgell v. Tucker, 40 Mo. 523.] But we need not pursue this branch of the subject since plaintiff concedes the facts proved do not constitute a novation and the brief proceeds in the effort to hold defendant as though the service, in fact performed for Lemon, had been performed for defendant.

But in addition to the foregoing, as has been already observed, defendant's contract with Lemon to pay plaintiff the $150, was conditioned that the exchange between defendant and Schermerhorn was consummated, and it never was. Conceding that defendant had no right under such contract to arbitrarily

and capriciously, without cause, say he would not exchange, after Schermerhorn had fully performed or offered to, we find from the undisputed evidence that defendant was justified in refusing. He was to have an abstract showing perfect title, except certain designated matters. The abstract furnished him showed a large sum in special tax bills against the property. According to the testimony in plaintiff's behalf, these remained undischarged until the last day of performance when Schermerhorn's agent testified that he told defendant he had paid them. Defendant was under no legal obligation to accept his statement. He could very well have said he did not believe it. His contractual right was to have a written reliable abstract show they were paid, and this was not done, and he was not in default until it was done.

The judgment is reversed. All concur.