## L. AND A. SCHARFF DISTILLING COMPANY, Appellant, v. SPRINGFIELD COAL, ICE AND TRANSFER COMPANY, Respondent.

Springfield Court of Appeals, May 12, 1914.

1. CONTRACTS: Agreement to Pay on Account of Misappropria tion of Goods: Consideration. Defendant, a transfer man, by mistake having delivered to the wrong party a barrel of whisky

180 App. 32

which plaintiffs had shipped to a purchaser, agreed to pay the amount of the claim which plaintiff had against the purchaser. Absent a release of defendant by the purchaser for the misappropriation of the whisky, there was no consideration for the promise.

2. **CONTRACTS: Novation: Prerequisite Conditions.** In order to constitute a novation, the creditor, the debtor and the third party must all agree that the original debtor be released and the third party substituted, in his stead.

3. ————: ————: **Must be Proven.** A novation must be clearly established, it is never presumed.

Appeal from Greene County Circuit Court, Division Number Two.—*Hon. Arch A. Johnson,* Judge.

AFFIRMED.

*Williams & Galt* for appellant.

(1)    When one undertakes to pay the debt of another, and by the same act pays his own debt, which was the motive of the promise, the undertaking is not within the statute of frauds and need not be in writing. Black v. Paul, 10 Mo. 106; Howard v. Coshow, 33 Mo. 123; Beshears v. Rowe, 46 Mo. 501; Flanagan v. Hutchinson, 47 Mo. 237; Holt v. Dollarhide, 61 Mo. 433; Wright v. McCully, 67 Mo. 134; Schufeldt v. Smith, 139 Mo. 377; Beardslee v. Morgner, 4 Mo. App. 142; Wilson v. Vass, 54 Mo. App. 221. (2)    An action lies on the promise made by defendant on a valid consideration to a third person for the benefit of plaintiff although the latter was not privy to the consideration. Meyer v. Lowell, 44 Mo. 330; Rogers v. Gosnell, 58 Mo. 589; Howsmon v. Trenton, 119 Mo. 304; Porter v. Woods, 138 Mo. 553; Beattie Mfg. Co. v. Clark, 208 Mo. 106; Beardslee v. Morgner, 4 Mo. App. 139; Van Meter v. Poole, 119 Mo. App. 302; Leckie v. Bennett, 160 Mo. App. 158. (3)    The discharge of one debtor and the acceptance of another constitutes a valid consideration. Davis v. Dunn, 121 Mo. App. 494. The law presumes that when a promise is made for the benefit of a third person he accepts it. Rogers v. Gosnell, 58 Mo. 591.

*Neville & Gorman* for respondent.

(1) This bill of exceptions cannot be considered in this case for the reason that the record shows that on September 8, 1913, time for filing the same was extended for ten days. No further extension was granted within that time and the bill was not filed within the time. The expiration of this ten days rendered the judge of the court powerless to further extend the time or to permit the filing of same, and the record entries are conclusive and overcome any recitals that may be found in the alleged bill of exceptions. State v. Harris, 121 Mo. 445; Walner v. Wade, 124 Mo. App. 496; Smith v. Cooperage Co., 100 Mo. App. 153; Shemwell v. McKinney, 214 Mo. 692; Wright v. Siefel, 214 Mo. 694; State v. Schuchman, 133 Mo. 111. (2) There is no record entry showing the filing of any amended petition. The record entries show plaintiff was permitted to amend petition to conform to the facts. The affidavit of the clerk here submitted shows that this particular proposed amendment was handed to him several days after the trial, and that its filing was antedated.

ROBERTSON, P. J.—This action was brought before a justice of the peace in Greene county upon a statement in two counts there filed, the first alleging that the defendant without leave and wrongfully took a barrel of whiskey belonging to the plaintiff which it had not returned, to plaintiff's damage in the sum of $90.48, and the second count alleging that plaintiff was entitled to the immediate possession of the whiskey which came into possession of the defendant, who then and there unlawfully converted it to its own use and disposed of the same to plaintiff's damage in said sum. After a trial in the justice of the peace court, an appeal was taken to the circuit court, where plaintiff took an involuntary nonsuit with leave to move to set same aside. Within due time the motion was filed, overruled and an appeal taken by the plaintiff.

The facts in this case, as developed by the testimony, are that the plaintiff, whose place of business is in St. Louis, shipped via the Frisco railroad a barrel of whiskey consigned to Brashears & Murphy at Springfield, who were to pay the freight. Upon the arrival of said shipment at Springfield, the defendant, being engaged in the transfer business at that place, hauled the barrel to the saloon of J. C. Peters, but before the mistake was discovered Peters had sold a large portion of the contents of the barrel. Soon after the discovery of this mistake a representative of the plaintiff appeared upon the scene and he and Murphy, of the firm of Brashears & Murphy, went to and had an interview with Mr. Eaton, who was connected with the defendant company. The testimony is that Mr. Eaton agreed to pay for the barrel of whiskey.

We shall assume that Mr. Eaton had full authority to and did speak for the defendant and that defendant agreed to pay plaintiff for the value of its whiskey. There is no testimony in the entire record, however, that the plaintiff released Brashears & Murphy, to whom it had sold and delivered the whiskey, a delivery to the railroad being a delivery to them, or that Brashears & Murphy released the defendant. The situation thus developed by the testimony is that the shipment of the whiskey was made to Brashears & Murphy and, consequently, when it arrived in Springfield and the defendant wrongfully delivered it to a third party, the only claim then existing against the defendant was in behalf of Brashears & Murphy, the then owners of the whiskey. Brashears & Murphy owed the plaintiff for the whiskey. The defendant owed the plaintiff nothing. The defendant received no consideration for its agreement to pay the plaintiff the amount of its claim against Brashears & Murphy unless Brashears & Murphy released the defendant on account of the wrongful delivery of the whiskey. [Greene v. Musson, 169 Mo. App. 680, 684, 155 S. W. 849.] Further, in or-

der to fix the liability of the defendant, it was essential that the plaintiff should have discharged Brashears & Murphy as its creditor and accepted the defendant in their stead (Davis v. Dunn, 121 Mo. App. 490, 494, 97 S. W. 226); otherwise, Brashears & Murphy would receive no consideration for their release of the defendant.

In order to constitute a novation, the creditor and the debtor and the third person must all agree that the original debtor be released and the third person be substituted in his stead. [Babbitt v. Railroad, 149 Mo. App. 439, 455, 130 S. W. 364; Leckie v. Bennett, 160 Mo. App. 145, 159, 141 S. W. 706.] Novation is never presumed, but must be clearly established. [See cases last above cited.]

The trial court, under the testimony, properly refused to set aside the involuntary nonsuit and, therefore, the judgment is affirmed. *Sturgis, J.,* concurs. *Farrington, J.,* not sitting.