EMERSON-BRANTINGHAM IMPLEMENT COM-
PANY, Appellant, v. J. F. SAWYER and JIM
SAWYER, Respondents.

### Springfield Court of Appeals, July 8, 1922.

1. **NOVATION: To Create, Creditor and Old and New Debtors Must Agree.** To constitute a novation of an existing debt by the substitution of a new debtor, the creditor, the original debtor, the new debtor, must all agree that the new debtor shall be substituted for the old, and the original debtor must be discharged from his obligation.

2. ————: **Consent of Original Debtor not Given Until after Agreement Between Other Parties, Does not Establish.** In an action on promissory notes executed by a father and son, and secured by chattel mortgage on the father's saw mill, proof that the payee of the note and the son and his brother agreed that the son and brother should execute new notes and new chattel mortgage covering the same property, to be substituted for the former, which was done, and that thereafter the father on being informed of the transaction, stated it was all right, does not establish a novation, since the consent of the father, as one of the original debtors, was not given at the same time as the agreement was made between the other parties.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby, Judge.*

REVERSED AND REMANDED.

*Talma S. Heffernan* and *Wright & Ruffin,* for appellant.

(1) The very essence of a novation is that all three parties, that is the payors, payee and the party to be substituted, assent to or concur in the agreement, whereby the new debtor is substituted, and the old debt extinguished (and in this case the suit is on the old debt, the new notes being tendered back to defendants in court), and in a suit against the first debtor, the burden

is upon the defendants to establish the novation. Elliott v. Inalls, 149 Mo. App. 482; Babbitt v. Railroad, 149 Mo. App. 454, 455; Leckie v. Bennett, 160 Mo. App. 145, 158, 160; Davis v. Dunn, 121 Mo. App. 494; Lumber Co. v. Meffert, 59 Mo. App. 437; Brown v. Cray, 74 Mo. App. 462. (2) Novation is never presumed, but must be clearly established. Plaintiff must have discharged third person as its creditor, and accepted defendant instead. Since otherwise the third person would receive no consideration for defendant's release. Scharff Dis. Co. v. Transfer Co., 180 Mo. App. 497, 166 S. W. 654. (3) To constitute a valid novation, there must be a release of the old debtor, and a valid agreement with the party to be held. Green v. Musson, 169 Mo. App. 684.

No brief for respondents.

COX, P. J.—Action upon promissory notes. Trial by jury, verdict for defendants and judgment against plaintiff for costs and it has appealed.

In 1914, J. F. Sawyer bought certain saw mill machinery from plaintiff and in payment therefor he and his son Jim Sawyer executed the notes in suit and secured same by a chattel mortgage on the machinery purchased and some other property. In March, 1917, Jim Sawyer and his brother John gave new notes to plaintiff for the amount then due and unpaid on the other notes and gave a chattel mortgage on the same property to secure them. The defense in this suit is based on the claim that these new notes by Jim and John Sawyer was a novation of the old debt and that the notes in suit were paid and discharged by these later notes. This contention is denied by plaintiff.

The burden of proof on this issue was upon defendants and the verdict having been in their favor, we must look to their testimony to determine whether the evidence is sufficient to sustain the verdict. The testimony of defendants' witnesses tended to establish the following facts: J. F. Sawyer, the father, purchased the ma-

chinery in the first instance and he and his son Jim signed the notes sued upon. The chattel mortgage to plaintiff to secure these notes covered a horse that belonged to Jim and we infer that he owned some interest in the mill though the amount of that interest is not shown. Before the notes of Jim and John were given in March, 1917, John had been talking of buying out his father in the saw mill but had not done so. That on March 20, 1917, when Jim and John gave their notes to plaintiff, it was agreed between them and plaintiff that the old notes signed by J. F. Sawyer, the father, and Jim Sawyer, were to be returned to the makers but this was never done. That the father knew nothing about this new transaction by Jim and John giving their notes and executing a chattel mortgage on the machinery to secure them until a short time after the transaction was completed. The father, when informed of what they had done, assented to it and said it was all right. The agent of plaintiff, who had taken the new notes, testified that they were only taken as collateral to the other notes and denied having agreed to take them in lieu of the other notes but since the verdict went for defendants, we must give heed to their testimony rather than that of plaintiff in determining the issues presented to this court. At the trial, the plaintiff tendered back the notes of Jim and John Sawyer and the chattel mortgage executed by them.

The only question for our determination is whether the evidence of a novation by the execution of the new notes and chattel mortgage by Jim and John Sawyer is sufficient to sustain the verdict of the jury in defendants' favor. The execution of the notes sued on by J. F. and Jim Sawyer was admitted and aside from some payments, which if sustained, would reduce the amount due, the only defense was the contention that a novation had occurred and the debt represented by these notes paid by Jim and John Sawyer on March 20, 1917, when they executed their notes and chattel mortgage to plaintiff for the amount then due on the notes in suit and the agreement of plaintiff's agent made at that time to return these notes to the makers.

The authorities all agree that to constitute a novation of an existing debt by the substitution of a new debtor, the creditor, the original debtor and the new debtor must all agree that the new debtor shall be substituted for the old and the original debtor must be discharged from his obligation. The appellant insists that was not done in this case. It is clear that it was not done at the time the new notes and chattel mortgage were executed by Jim and John Sawyer for the father, J. F. Sawyer, one of the parties to the notes in suit, was not present and did not know of the transaction until afterwards. J. F. Sawyer at that time owned some interest, if not the entire interest, in the property covered by the mortgage executed by Jim and John. When informed afterward of what had been done, he said it was all right but the transaction had been previously completed and his mere verbal assent to it afterward cannot instill life into it or give it any greater validity than it had at the time it occurred. Had J. F. Sawyer been present when the new notes and mortgage were executed and had consented to the transaction at that time, he would have been bound but since he was not present and did not agree to the arrangement at the time by which, if permitted to stand, he would lose all interest he then had in the property, he was not bound and a mere verbal assent afterward did not make him a party to the transaction nor bind him and if he was not bound then none were bound and there was no novation. To constitute a valid novation, the interested parties must all agree to it at the time it occurs. Novation must rest upon contract and be clearly shown. It cannot be made binding by subsequent acquiesence or ratification without a new consideration or the existence of facts which will constitute an estoppel. The discharge of the original debtor must be contemporaneous with and result from the consummation of an arrangement with the new debtor. [Leckie v. Bennett et al., 160 Mo. App. 145, 1. c. 160, 141 S. W. 706; L. & A. Scharff Distilling Co. v. Springfield Coal, Ice & Transfer Co., 180 Mo. App. 497, 501, 166 S. W. 654; 20 Cyc, 1134.]

Since, on the facts relied on by defendants, the alleged novation was not binding when made, it did not become binding at all and the issue of a novation of the debt should not have been submitted to the jury.

The judgment is reversed and the cause remanded. *Farrington, J.*, and *Bradley, J.*, concur.