Mary C. CARUSO, Plaintiff-Appellant,

v.

The WESTERN CASUALTY AND SURETY COMPANY, Defendant-Respondent.

No. 24250.

Kansas City Court of Appeals.

Missouri.

Dec. 6, 1965.

Austin B. Speers, Kansas City, for appellant.

Edw. W. Mullen, Kansas City, for respondent.

JAMES W. BROADDUS, Special Commissioner.

This is an action upon a policy of insurance. Plaintiff seeks to recover medical expenses which she incurred amounting to the sum of $265.

Plaintiff was involved in an automobile accident on September 6, 1961, when her car was struck in the rear by another vehicle. The policy sued on contained the following provision:

"As soon as practicable the injured person or someone in his behalf shall give to the company written proof of claim, under oath if required, and shall, after each request from the company, execute authorization to enable the company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the company when and as often as the company may reasonably require."

Plaintiff's petition alleged: "That on September 6, 1961, plaintiff called agent William T. Smith and informed him of said accident and facts of same, and of her injury; that agent William T. Smith told plaintiff, 'I will take care of everything.'"

The case was tried to the court, a jury having been expressly waived by agreement of the parties. Prior to the introduction of any evidence plaintiff's counsel stated to the court that "the main issue is the notice to the company." The trial judge stated that was the issue he saw. The parties agreed that the question of notice as alleged in the petition was the only issue to be determined

by the court; that if the court found that plaintiff did on the day following the accident, notify defendant that she was injured and that there would be a claim made under the medical payments provision of her policy, then defendant was liable for the amount of her medical bills, and that if the court found that she did not so notify the agent on the day following the accident as alleged in the petition, the defendant was entitled to judgment in its favor.

At the conclusion of plaintiff's evidence defendant moved for a directed verdict and judgment in its favor upon the ground that plaintiff had failed to prove notice or compliance with the condition precedent in the policy, whereupon the court stated its finding that there was no evidence of notice, the sole issue which the parties agreed to try, and sustained defendant's motion and entered judgment in its favor. Plaintiff has appealed.

■ Plaintiff's evidence not only fell far short of proving compliance with the policy conditions, but also fell short of proving the allegations of her petition. On her direct examination plaintiff testified that the accident occurred on September 6, 1961, but that she did not notice any pain at that time nor until about four or five days afterward. She repeated this on further direct examination by stating that after the accident she "didn't feel anything, you see. But four or five days after, I started to be dizzy, you know, and my head kind of just twisted a little." She testified that she reported the accident to her insurance agent, a Mr. Smith, the day following the accident, which was September 7, 1961. She reported to him the damage to her car and where the accident happened. She also testified that she "told him that my head was kind of hurting a little, but I didn't know if it was going to be any—anything very serious." That was the total gist of the conversation she had with Mr. Smith on the day following the accident. It was not until seven days after the accident that she first saw a doctor. After she started seeing the doc-

tor she never called her agent and never talked with him again. She only talked with the agent the one time and that was the day following the accident and she never discussed the accident with any member of the company other than the agent.

As stated the parties agreed to submit this cause to the court upon one issue, namely, that if plaintiff notified defendant's agent on the day following the accident that she was injured and intended to make a claim under the medical provision of her policy, then defendant was liable, and that if she did not so notify the agent on the date pleaded, then defendant was not liable. Notwithstanding that fact plaintiff now complains that defendant never showed that the policy contained a forfeiture provision or that defendant was prejudiced by the failure to receive the required notice "as soon as practicable."

▆▆▆ The law is well settled that where plaintiff has had her case tried on one theory, the case will not be reviewed on any other theory. Pruzan v. National Surety Corporation, 223 S.W.2d 8 (Mo.App.). The Springfield Court of Appeals put it another way in Leckie v. Bennett, 160 Mo.App. 145, 141 S.W. 706, saying that the trial of a cause in an appellate court is a trial of the errors of law committed by the trial court, and that positions taken on appeal will not be allowed which are antagonistic to the positions taken at the trial.

The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed.

CROSS, P. J., and HOWARD, J., concur.

BLAIR, J., not participating.